KREMENTZ *v.* COTTLE CO.

*(Circuit Court, S. D. New York.* June 21, 1889.)

PATENTS FOR INVENTIONS—KREMENTZ COLLAR BUTTON.

The patent granted to complainant, May 6, 1884, for "a collar or sleeve button having a hollow head and stem, the said head, stem, and the base-plate or back of the said button being shaped and made of a single continuous piece of sheet-metal," is void for want of novelty. The Stokes patent, No. 171,882, January 4, 1876, covers a button composed of a single piece of sheet-metal, the only difference being that the head is flat and solid instead of round and hollow, like complainant's; and the Keats patent, No. 177,353, May 9, 1876, also covers a button made of a single piece of sheet-metal, having a hollow head and hollow stem, of the same form as complainant's.

In Equity. Bill for infringement of patent. On final hearing.
*Louis C. Roegener,* for complainant.
*Edwin H. Brown,* for defendant.

WALLACE, J. The patent in suit granted to complainant, May 6, 1884, is in the words of the claim, for "a collar or sleeve button having a hollow head and stem; the said head, stem, and the base-plate or back of the said button being shaped and made of a single continuous piece of sheet-metal, substantially as shown and described." The specification and drawings describe and illustrate a button in the form of a stud. It is made of a single piece of metal, without soldering or joints. By means of any suitable dies, a metal plate is pressed into the form of a cap, with a flange or rim at the bottom, and then the sides of the cap are pressed together about the middle in any suitable manner, to form the head and stem. The prior state of the art may be sufficiently understood by referring to only two of the several earlier patents in the record. The patent to Stokes, No. 171,882, granted January 4, 1876, describes a stud composed of one piece of sheet-metal, in which the head and stem are made by striking them up or raising them out of the metal base-plate by means of a punch and die. The stud is of substantially the same form as the stud of the complainant's patent, except that the head is flat instead of round; the stem is hollow; and the head is solid. The patent to Keats, No. 177,353, granted May 9, 1876, describes a button or stud made of a single piece of sheet-metal having a hollow head and hollow stem, and is of the same form as the stud of the complainant's patent. It has an entra shank or base-plate. In making it, the sheet-metal blank is formed in two sections, having the desired configuration, one of which is doubled over upon the other, and the edges are brought together by lateral pressure. It thus appears by the two prior patents referred to that the complainant was not the first to make a hollow stud, or a hollow stud from a single piece of metal, or a stud from a single continuous piece of metal, or a partly hollow stud from a single continuous piece of metal. So far as appears, he was the first to make a stud from a single continuous piece of metal in which the head was hollow and round in shape. The stud of the Stokes patent would be

his if the head were not flat and preferably solid, instead of being round and hollow. The stud of the Keats patent would be his if it were not folded over and joined by lateral pressure at the sides, so as not to be made of a continuous piece of metal. For the particular use for which the Stokes stud was designed a flat and solid head was preferable, and for the particular use for which the Keats stud was designed a joint or seam at the sides was not objectionable. For the use for which the complainant's stud was designed a round head was preferable, and a seam at the sides was objectionable. He desired to improve upon his predecessors by making a stud without a seam, and thus obviate the necessity of soldering, and which should be hollow throughout and thereby save material; and he desired to make a stud differing somewhat in details of the configuration of the parts from that of Stokes or Keats. The idea and the method of making a seamless stud out of a single continuous piece of metal was suggested and fully shown by the patent of Stokes, and the idea and method of saving material by having the entire stud hollow was suggested and fully shown by the patent to Keats. It is not open to reasonable doubt that any competent mechanic, versed in the manufacture of hollow sheet-metal articles, having before him the patents of Stokes and Keats, could have made these improvements and modifications without exercising invention, and by applying the ordinary skill of the calling. Indeed, the stud of the Stokes patent alone is a substantial anticipation of the complainant's patent. The different manipulation of the blank necessary to introduce the desired modifications of form, and the hollow head, which distinguish the studs, was within the obvious knowledge of the skilled mechanic. It must be held that the patent is invalid for want of novelty. The bill is dismissed, with costs.