NORTON *et al. v.* CALIFORNIA AUTOMATIC CAN CO. *et al.*

(*Circuit Court, N. D. California.* February 10, 1891.)

1. PATENTS FOR INVENTIONS—ANTICIPATION.
Claims 1, 2, 3, 4, 5, 7, and 10 of patent No. 274,363, dated March 20, 1883, issued to Norton and Hodgson, are valid claims, and are not anticipated by the prior patent No 267,014, issued to E. Norton.

2. SAME—INFRINGEMENT.
Claims Nos. 1, 2, 3, and 5 of patent No. 382,567, dated May 8, 1888, issued to John Solten, are infringed by defendants.

In Equity.

*Monday, Evarts & Adcock* and *Mr. Havens,* for complainants.

*John L. Boone*, for respondents.
Before SAWYER, Circuit Judge.

SAWYER, J. I have examined this case with care, and without entering into any extended discussion of the points involved, I will now announce my conclusions. I am of the opinion that claims 1, 2, 3, 4, 5, 7, and 10 of patent No. 274,363, dated March 20, 1883, issued to Norton and Hodgson, and now owned by complainants, are valid claims, and that they are not anticipated by the prior patent No. 267,014, issued to E. Norton, or by the Pearce patent in evidence. On the hearing of the application for an injunction I only passed upon claim 7, for the reason that counsel waived a consideration and decision of the other claims, for the purposes of that application. My attention is now first called to the fact that in the Norton machine, there is a discharging chute, but some of the principal elements in the seventh claim of the Norton and Hodgson patent are entirely different from the elements in the second claim of the Norton patent. Although I am not entirely clear as to the validity of claim 7, as I think the others are valid, I shall let my prior ruling on this claim stand for an authoritative decision by the supreme court, should an appeal be taken, unless complainants choose to waive it. I am also satisfied that those claims were all infringed° by respondents before the institution of this suit. The respondents' machine put in evidence, has the "guide" plates, G, described in the Norton and Hodgson patent, or similar plates, which they call "guard" plates. They are similarly located, only they are not placed at precisely the same angle, or inclination, towards each other. They are also described as a part of respondents' patent to Angel and Kendall, and they accomplish the same purpose, as those in complainants' patent, and in, substantially, the same way. They are, substantially, the same thing. If not, they are, clearly, mechanical substitutes for the guide plates of complainants' machine. The said machine of defendants was constructed, mainly, in accordance with the Angel and Kendall patent owned by them. So, also, the curved spring, *g*, of complainants' patent to Norton and Hodgson is represented by another device of a different mechanical construction in respondents' machine; and it performs the same service in, substantially, the same way. So far as it extends, for the purpose required, it is practically a curved spring. It does not start so near the mouth of the supply chute, and is not so long as complainants' spring, but it covers all the operative part of the space, and performs the same service in, substantially, the same way, and for the purpose of complainants' device, it is, substantially, the same thing. If not exactly the same thing, in mechanical construction, it is, clearly, a mechanical substitute for it. It may perform some other functions, but this does not prevent it from being an infringement. The other differences pointed out, are, merely, differences in mechanical construction of the respective devices, which do not affect their substantial operation.

So, also, in my judgment, the claims 1, 2, 3, and 5 in patent No. 382,567, dated May 8, 1888, issued to John Solter, and owned by com-

plainants, are valid claims, and that they have been infringed by respondents. It is claimed that this patent is anticipated by respondents' patent to Angel and Kendall as it is older in date, because it is claimed that the date of the filing of the Solter patent found on the patent, is not evidence of the date of filing. This objection was not made till the testimony was all in, and till the argument made by defendants' counsel. The date of filing is always indorsed on the specifications, and a copy of the specifications and drawings is required by the statute to be annexed to the patent. I do not see why the specifications and indorsements thereon, required by the statute, constituting a part of the patent issued under the signature and seal of the proper officer, are not evidence of the date of filing. It is an official document, and the indorsement is a part of the record. No such objection has ever been taken before me before, and the date of filing has without objection, heretofore, been taken as true. I know of no decision of the courts holding that it is not legal evidence of the date of filing. But, however that may be, this patent was not pleaded as an anticipation, and was not put in evidence for any such purpose, and it cannot now be considered for that purpose.

It is not necessary to determine *at this time* whether respondents continue now to use all the elements of each of these claims, or substitutes therefor. It is enough that prior infringements are shown. If one element of any claim has been wholly omitted in machines now in use, and no substitute therefor used, of course respondents have ceased to infringe that claim, and respondents are only liable for infringements of such claims as have been actually infringed, while the infringement continued. What the extent of the infringement has been, and how long it was continued, will be questions for the consideration and determination of the master, on the accounting.

Let an interlocutory decree for complainants be entered as to the claims and patents hereinbefore indicated, as being valid and having been infringed, and the case referred to the standing master in chancery to ascertain and report profits, damages, etc., and if the parties desire it, with reference to an appeal, it may be provided that the master ascertain and report separately the proportion or amount of the profits and damages due to the infringement of claim 7.