COMPTOGRAPH CO. v. MECHANICAL ACCOUNTANT CO.

(Circuit Court of Appeals, First Circuit.  May 4, 1906.)

No. 612.

1. PATENTS—INFRINGEMENT.
   Infringement is not avoided by the fact that the defendant's device performs some other function additional to that of the patented device.
   [Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 380.]

2. SAME—COMPUTING MACHINE.
   The Felt patent, No. 465,255, for a computing machine, claims 7 and 8, which cover a subtraction cut-off, are for a combination and not merely an aggregation of parts and disclose invention.  Also *held* infringed.

Appeal from the Circuit Court of the United States for the District of Rhode Island.

For opinion below, see 140 Fed. 136.

John W. Munday and Henry Love Clarke, for appellant.

Wilmarth H. Thurston (Warren R. Perce, on the brief), for appellee.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

COLT, Circuit Judge.  This suit was brought for infringement of letters patent No. 465,255, dated December 15, 1891, granted to Dorr E. Felt, for improvements in computing machines.  Computing machines are for performing arithmetical problems mechanically, thereby doing away with the mental operations incident to their performance in the ordinary way.  Computing machines of the type of the patent in suit are simply mechanical adding machines.

The alleged infringement is limited to claims 7 and 8 of the patent. These claims cover a single feature of the Felt machine, known as the "subtraction cut-off."  This cut-off is a simple mechanical device for the correction of the error of 1 on the left of the true remainder, which always appears in additive subtraction when the complement of the subtrahend is added to the minuend.  The device consist of a series of pivoted levers so arranged with respect to the numeral-wheels and carrying mechanisms as to throw out of operation, in any given sum in additive subtraction, the particular carrying-pawl which causes this error of 1.

In adding machines prior to the Felt patent, when this error in the remainder appeared upon the reading line of the machine, it either had to be corrected on the machine or mentally disregarded.  Felt was the first inventor to incorporate into an adding machine the mechanical means for the prevention of this error.

The error in question may be illustrated by the following example:

For instance, to subtract 6 from 9, we first find the complement of the subtrahend, 6, by subtracting 6 from 10, which gives us 4; we then add 4 to the minuend, 9, which gives us 13, or the correct result, 3, plus an error of 1 on the left.  In performing this example upon adding machines of the Felt type, we would first strike the 9 key of the units series of keys, which would bring the figure 9 on the

units numeral-wheel to the sight or reading line of the machine; we would then strike the 4 key of the same series, which would bring 13 to the reading line, the 3 being on the units numeral-wheel and the 1 on the tens numeral-wheel. By the operation of the Felt subtraction cut-off, this error of 1 on the tens numeral-wheel will be prevented, and only the true remainder, 3, will appear on the reading line of the machine.

The cause of this error is manifest when we look into the nature of the operation of additive subtraction. We have, as illustrated in the foregoing example, performed subtraction by adding the complement of the subtrahend, 6, which is 10—6, or 4, to the minuend, 9, making the result 13, or 10 in excess of the true remainder. In this operation we have committed the obvious error of increasing the minuend by 4 instead of decreasing it by 6, and the measure of this error is plainly the sum of 6 and 4, or 10. In other words, the measure of the error is the power of ten from which the subtrahend is subtracted to produce the complement. It follows that the error in the remainder in any given example of additive subtraction is 10, or 100, or 1000, or 10,000, according to the power of 10 from which the subtrahend may be subtracted, and, since naughts count for nothing, that this error will be represented by 1 on the left of the true remainder.

In referring to this feature of the Felt machine, the patent says:

"Another object of my invention is to prevent the carrying of tens from any column to the next higher whenever a subtraction is made by means of adding a complementary number, as hereinafter explained."

We have here the underlying conception of the Felt subtraction cut-off, which was so to organize his machine as to prevent the operation of the carrying mechanism whenever it is necessary to prevent it in performing additive subtraction. That the error in question is caused by the carrying mechanism, and may be prevented by preventing the operation of a particular carry, clearly appears from the following considerations:

As the tens are carried mentally in arithmetical addition, so an adding machine in its normal operation carries the tens mechanically by carrying 1 to the numeral wheel of the next higher order, as from the units wheel to the tens wheel, and from the tens wheel to the hundreds wheel, and so on throughout the series of wheels. Now, it is apparent that this error of 1 on the left of the true remainder is due in each example to the particular carry of 1 either from the units column to the tens column, or from the tens column to the hundreds column, or from the hundreds column to the thousands column, dependent in each case upon the power of 10 from which the complement is subtracted.

For instance, in the example already given of subtracting 6 from 9 by additive subtraction, the error of 1 in the tens column was caused by the carrying of 1 from the units column; and, if this carry had not taken place, the result would have been the true remainder, 3, on the reading line of the machine. So, if the example had been to subtract 66 from 99, the error of 1 in the hundreds column would have been caused by the carrying of 1 from the tens column to the hundreds

column. So, if the example had been to subtract 666 from 999, the error of 1 in the thousands column would have been caused by the carry of 1 from the hundreds column to the thousands column.

The patent then proceeds to point out the way this error had to be corrected in prior adding machines, including the machine covered by an earlier Felt patent. This correction was made on prior machines by striking once all the 9 keys to the left of the true remainder, and striking the last 9 key ten additional times. This operation was known as "running off the nines." For instance, in the example already given, the subtraction of 6 from 9, in which the remainder on the reading line is 13, the error of 1 in the tens column was corrected by first striking the 9 key of that column, which brought a 0 to the reading line of that wheel, but which at the same time, through the carrying mechanism, caused a 1 to appear on the hundreds wheel. This 1 must be got rid of in the same manner by striking the 9 key of that column, and so on through the entire series of wheels to the left. This would still leave the 1 on the extreme left-hand wheel, which has no series of keys attached to it. To cancel this 1 requires ten depressions of the 9 key of the last or adjoining series.

The patent then proceeds to describe the means employed for preventing this error, the mode of operating these means, and the result accomplished:

To save the carrying of the 1 above mentioned and afterwards adding the 9's as above described, the following device is provided: There is a series of levers, one for each carrying-pawl. Each lever is provided with a finger-piece, which extends upward within convenient reach of the operator. Each lever is also provided with an arm adapted to engage with the under side of its carrying-pawl and hold the carrying-pawl from engagement with its numeral-wheel. When the operator makes a subtraction, the lever at the left of the highest column or series of keys in which a key is struck in the subtrahend is pushed backward, which raises the carrying-pawl which carries from this highest series or column of keys to the next column to the left. By this construction and operation the carrying-pawl is held out of operation, so that the complementary number is added and the tens of the highest series are not carried, thereby making a proper subtraction.

Having thus clearly set forth the object of his invention, the way in which the error in question was corrected in performing additive subtraction on prior adding machines, and the mechanical means he has devised for the prevention of this error, the patentee then proceeds to claim this invention in the following claims of the patent:

"(7) The combination, with numeral-wheels, actuating devices therefor, carrying-pawls, and devices for actuating said carrying-pawls to carry the tens, of a device for preventing the operation of the carrying-pawls, whereby the operation of subtraction is accomplished, substantially as specified.

"(8) The combination, with numeral-wheels, 4, actuating mechanism therefor, and carrying-pawls, 27, of levers, 44, having arms, 46, substantially as and for the purpose specified."

These combination claims were intended to cover the mechanical device described in the patent for facilitating and perfecting the per-

formance of additive subtraction upon an adding machine. They were manifestly not designed to cover generally the operation of additive subtraction, since the patent expressly states that such problems had been performed on prior machines. Nor were they, when read in connection with the specification, designed to cover every device for preventing the operation of the carrying-pawls upon an adding machine. They plainly were intended to cover, and do in fact cover, as one of the elements of the combination, the subtraction cut-offs described in the patent. When claim 7 refers to this mechanism as "a device for preventing the operation of the carrying-pawls," these words must be read with what follows, namely, "whereby the operation of subtraction is accomplished, substantially as specified," that is, in the manner set forth in the patent. The terms of claim 8 are more specific, in that it mentions the "levers, 44, having arms, 46." The only proper and reasonable construction of both claims is that each is for the combination of elements for performing complementary subtraction upon an adding machine in the way described in the patent, that claim 7 covers as one of its elements the series of pivoted levers known as the subtraction cut-offs, and that claim 8 covers as one of its elements such levers when provided with the "arms, 46."

It is contended that these claims are for mere aggregations. This position, however, is obviously untenable, since the subtraction cut-offs, or pivoted levers, co-operate with the carrying-pawls in the production of a new and useful result. It is true that only one pivoted lever co-operates with one carrying-pawl in the performance of any given sum in additive subtraction. But it by no means follows from this circumstance that the claims are for mere aggregations, or even that the series of pivoted levers are mere aggregations. We are not dealing with a subtraction machine for performing a single sum, but with a machine for performing all like sums, and this problem could only be solved by the incorporation into such a machine of the means by which all such sums could be performed. The fact that only one pivoted lever happens to be called into operation in performing a given sum is immaterial. The whole series of levers are indispensable when we take into consideration the subject-matter with which we are dealing.

It is further contended that the subtraction cut-offs do not exhibit any patentable subject of invention, in view of the prior art. A large part of the present record, as well as the briefs of counsel, is devoted to a discussion of this branch of the case, and especially to the discussion of the so-called universal cut-off as an anticipation of the Felt device.

No prior patent contains any reference whatever to any kind of a subtraction cut-off. The so-called universal cut-off of the Kelso 1886 patent, the Shattuck & Thorn 1882 patent, and the Carroll 1876 patent, was for the sole purpose of throwing out of operation all the carrying mechanisms in order that the numeral wheels may be turned back to zero, and so cancel the reading line on the machine. If it had been found, as the defendant attempted to show, that the universal cut-off could be used upon an adding machine during the operation of addi-

tive subtraction in the same manner as the Felt subtraction cut-off, it would have had some bearing on the question of anticipation; but the fact is that, while it may be so utilized in performing certain sums, it cannot be so utilized in performing other sums. In performing many examples several of the carrying mechanisms operate simultaneously, and in these instances the effect of the universal cut-off is to throw out the useful and necessary carries as well as the objectionable one. It is manifest, therefore, that a universal cut-off is practically worthless for performing additive subtraction upon an adding machine after the manner of the Felt device.

There is, however, another use of the universal cut-off to which the defendant attaches great importance. In this case it is not used, like the Felt device, during the operation of additive subtraction, but it is applied to the machine before the operation is begun. It is apparent, however, that any such use of the universal cut-off, which means the simultaneous disengagement of all the carrying mechanisms, is destructive of the adding powers of the machine. It is no longer an adding machine, and is therefore incapable of performing additive subtraction mechanically. It reduces subtraction to a mere mental process, as is shown in the subsequent Turck patent of 1901. It is undoubtedly true that any sum in this kind of subtraction can be performed by this use of the universal cut-off. It is equally true, however, that this operation is not additive subtraction, since there are wanting the two essential elements of additive subtraction: First, the finding of the true complement of the subtrahend, and then adding it to the minuend. It is clear, therefore, that this form of subtraction and this use of a universal cut-off are entirely outside of the Felt invention.

In the consideration of the prior art as bearing upon the Felt invention, it is necessary to keep constantly in mind that the Felt invention is limited to a simple mechanical device attached to an adding machine for the prevention of the error of 1 in the performance of additive subtraction.

Additive subtraction consists of two distinct operations: First, the operation of finding the complement of the subtrahend by subtracting it from a higher power of 10; and, second, the adding of this complement to the minuend. The only part of additive subtraction which can be performed mechanically upon an adding machine is the second step in the process, which is merely an ordinary sum in addition. The performance of this second step results in the error of 1 on the reading line of the machine, and the whole scope and purpose of the Felt invention is to prevent mechanically the occurrence of this error. The Felt invention, therefore, has nothing to do with the finding of the complement of the subtrahend. It has no concern with the fact that, as a matter of convenience in finding the complement, the keys of some machines are complementarily marked with additional small red figures to indicate the difference between a given figure of the subtrahend and 10, or that the keys of other machines are co-digitally marked with small red figures to indicate the difference between a given figure of the subtrahend and 9. Nor has the Felt invention any concern with

the simultaneous throwing out of all the carrying mechanisms by means of a universal cut-off, either for the purpose of canceling the reading line by turning all the wheels back to zero, or for the purpose of performing subtraction in the ordinary way by the usual mental processes, and therefore without any carrying mechanisms. Nor has it any concern with the theory that a complementarily marked machine with a universal cut-off is especially adapted for performing the kind of subtraction just described. Nor has it any concern with the false theory that additive subtraction is facilitated by first destroying the adding capacity of the machine by means of the universal cut-off. Nor has it any concern with the false theory that, because the complement of 3 is 7, or the difference between 10 and 3, it follows that the complement of 33 must be 77, whereas in fact it is 67, or the difference between 100 and 33, and that it necessarily follows from this method of finding the complement that all the carries, when the complement of the subtrahend is added to the minuend, are erroneous carries, and that the universal cut-off prevents these erroneous carries from taking place. Nor has it any concern with the false theory that a co-digitally marked machine, as distinguished from a complementarily marked machine, by adding one less than the true complement, offsets the errors committed by the objectionable carries.

The Felt invention has no concern with any of these theories. The Felt invention relates to an adding machine whose carrying mechanisms, except in the single instance of the objectionable carry which causes the error of 1, operate in the usual and normal manner. In other words, the invention relates to a mechanism which embraces a series of numeral-wheels, means for actuating such wheels, carrying devices for automatically carrying the tens from one series of wheels to another, and a series of pivoted levers whereby the operator may selectively throw out of operation any one of the carrying mechanisms which causes the error of 1 in any given sum in additive subtraction, without affecting or interfering with the operation of any of the several carrying mechanisms that aid in the mechanical process of additive subtraction. Most of this extended, intricate, and highly speculative discussion of the prior art, instead of tending to anticipate or even to minimize the Felt invention, only tends to make more prominent its simplicity, novelty, and utility.

It is further contended that the Felt device is void for want of invention, because the error and the cause of it were well known, and because the means employed by Felt were not only old in the mechanical arts, but were also old in this art; these means consisting of pivoted levers for throwing out of operation carrying-pawls. In our opinion, upon full consideration, the Felt subtraction cut-off belongs to that class of inventions in which the invention resides, in the language of the Supreme Court in Hobbs v. Beach, 180 U. S. 383, 21 Sup. Ct. 409, 45 L. Ed. 586, rather in "the idea that such change could be made than in making the necessary mechanical alterations." Other inventors had been engaged in perfecting these machines, and yet it never occurred to anyone before that the old, cumbersome, and troublesome method of running off the nines could be obviated by this simple de-

vice. Felt discovered the possibility of this new use of a series of pivoted levers in performing additive subtraction, and he adapted them to this new use. Such use was novel, and has proved of great utility. These circumstances negative the conclusion that the step taken by Felt was obvious to any skilled mechanic. Hobbs v. Beach, 180 U. S. 383, 393, 21 Sup. Ct. 409, 45 L. Ed. 586; Loom Co. v. Higgins, 105 U. S. 580, 591, 26 L. Ed. 1177; Krementz v. S. Cottle Co., 118 U. S. 556, 560, 13 Sup. Ct. 719, 37 L. Ed. 558; Potts v. Creager, 155 U. S. 597, 607, 15 Sup. Ct. 194, 39 L. Ed. 275; Dowagiac Mfg. Co. v. Superior Drill Co., 115 Fed. 886, 894, 53 C. C. A. 36; Brunswick-Balke-Collender Co. v. Thum, 111 Fed. 904, 50 C. C. A. 61; Schenck v. Singer Mfg. Co., 77 Fed. 841, 844, 23 C. C. A. 494.

Upon the question of infringement we entertain no doubt. The defendant's machine is provided with a series of subtraction cut-offs for the purpose of preventing the error of 1 in the performance of additive subtraction. These cut-offs, like the Felt device, are a series of pivoted levers; each lever being adapted to throw out of operation its carrying-pawl, and each being capable of selective operation independently of the others in the performance of any given sum. These levers are also provided with lateral arms. In the Felt device, the levers extend outside of the machine, and terminate in what are called finger-pieces, which are pressed by the operator. In the defendant's device, the levers do not extend outside of the machine, but they are connected through intermediate mechanism with the actuating keys, and operated by a partial depression of the keys. In other words, the partial depression of any one of the keys in any one of the several columns will cause the lever to throw out of operation its corresponding carrying-pawl. It thus appears that the defendant's cut-offs contain the substantive mechanical features of the Felt device. It is, of course, immaterial that the defendant's device is operated through intermediate mechanism. Under these circumstances, to hold that the defendant's device does not infringe, we must limit the Felt device to mere details of construction, such as the extension of the levers through the casing of the machine, and the form of the finger-pieces, which details are neither referred to nor included in the claims in issue. If the Felt invention were for a mere improvement in subtraction cut-offs, such a narrow construction might be warranted. This, however, is not the position of the Felt invention. The art of subtraction cut-offs began with Felt; and, if what he did involved invention, as we have found, that invention is entitled to protection, and to a reasonable application of the doctrine of equivalents in respect thereto.

The defendant further contends that its disengaging levers were originally introduced into its machine for another purpose. We are strongly inclined to the opinion, however, that, whatever may have been the defendant's original purpose, the main purpose for which these levers are now employed is the same as the Felt levers, to prevent the error of 1 in additive subtraction. But, assuming that the defendant's levers were originally inserted for another purpose, and in fact perform some other function, these circumstances, under the

state of facts presented in this case, will not relieve the defendant from the charge of infringement. If the infringing device performs the same function as the patented device, it is immaterial that it also performs some other function. It is still none the less an equivalent of the patented device, and an appropriation of the patented invention. Walker on Patents (4th Ed.) 308, 309; Norton v. Jensen, 49 Fed. 859, 868, 1 C. C. A. 452; Norton v. California Automatic Can Co. (C. C.) 45 Fed. 637, 638; Sarven v. Hall, 21 Fed. Cas. 512, 519; Masseth v. Palm (C. C.) 51 Fed. 824, 826; Wheeler v. Clipper Mower Co., 29 Fed. Cas. 881, 892; Kendrick v. Emmons, 14 Fed. Cas. 305, 306.

The decree of the Circuit Court is reversed, the case is remanded to that court with directions to enter a decree for the complainant on claims 7 and 8 of the Felt patent, and the appellee recovers its costs of appeal.