## In re WEEKS. *
### Patent Appeal No. 2636.

Court of Customs and Patent Appeals.
April 22, 1931.

*Rehearing denied May 27, 1931.

Louis Burgess, of New York City, for appellant. ·

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Appellant has here appealed from a decision of the Board of Appeals of the Patent Office sustaining the action of the examiner in rejecting his eleven claims numbered 20 to 30, inclusive, for "new and useful improvements in Portable Hoisting Apparatus."

Appellant's claimed invention relates primarily to stevedoring, that is, to the unloading of ships, particularly ocean-going vessels.

Claim No. 26 is for the method; the remainder are directed to the article.

From appellant's brief we quote the following:

"Claims 20 to 23, 27, 29 and 30 are descriptions of the variants of structure which basically characterize the invention.

"Claims 24 to 28 introduce as an additional element the hopper and chute carried by the tower to receive the discharge from the bracket and direct it into the barge.

"Claims 25 and 30 introduce as an additional feature that the power unit is integral with the platform and by its weight contributes to the general stability of the structure on shipboard.

"Claim 26 defines broadly the method of unloading a ship which comprises simultaneously operating from a plurality of hatches by means of a portable crane of the Weeks type."

With the foregoing statements in mind, it is sufficient to quote in full only claims 20 and 26.

"20. In a portable crane, supporting means comprising a tower freely and selectively positionable on the deck of a ship with relation to the hatch, a beam carried by the tower adapted to extend over the hatch, hoisting mechanism carried by the beam, a power unit carried by said supporting means for actuating the hoisting mechanism, the entire assembly being liftable as a unit to and from

the deck of the ship and readily movable from hatch to hatch thereof."

"26. In a method of unloading a ship with a plurality of small cranes, each of which comprises an assembly of a tower small enough to be placed on the deck of the ship between the hatch and adjacent side of the ship, a beam, hoisting mechanism and a power unit for operating the hoisting mechanism; the steps comprising lifting a plurality of the cranes onto the deck and placing the tower of each crane on the deck alongside the respective hatches of the ship with the beam of each crane extending over the respective hatch, operating the cranes, for simultaneously unloading the ship from a plurality of hatches and thereby lightening it evenly, and after the unloading is completed, lifting the small cranes off the deck of the ship."

The references cited are:

Messier, 237,571, February 8, 1881.
Bogle, 419,630, January 21, 1890.
Sinclair, 658,810, October 2, 1900.
Hutchings, 700,051, May 13, 1902.
Titcomb, 738,084, September 1, 1903.
Titcomb, 742,101, October 20, 1903.
Hammond, 845,461, February 26, 1907.
McIntyre, 1,010,291, November 28, 1911.
Zimmerman, 1,428,809, September 12, 1922.
Von Haase, 1,565,875, December 15, 1925.
Engineering News, July 17, 1913, page 119.

In presenting the case before us, counsel for appellant greatly aided the court by using models, not only of appellant's own structure, but of several of the devices of the most material references. We were and are impressed with the idea that appellant's mechanism is a valuable contribution to the art for use in which it was designed. He has developed a device which, in the form made and used, appears to have a number of advantages over any of the patents referred to in the record. It can be moved freely from place to place upon the deck of a vessel without the use of track or rails for its wheels and, apparently, more readily and rapidly positioned by the hatches, in a situation best adapted for hoisting the cargoes from the hold, than can any of the devices of the prior art.

▮▮▮ But, notwithstanding this, the law is that an applicant's "*claims* define the measure of his invention" (italics ours), and if the disclosures of the references read upon his claims, patentability must be denied.

None of the claims are specified as being for the combination, but, by reason of the wording, some of them, at least, seem, in fact, to be of a character which makes it proper to regard them as combination claims, and we so treat them.

In the brief of the Solicitor for the Patent Office there is found a concise description of appellant's device which, omitting the numerals, we quote: "The application on appeal discloses a portable hoisting apparatus or crane, and comprises a tower mounted on wheels, so that it can be freely and selectively positionable on the deck of a ship with relation to the hatch. A beam is carried by the tower and is adapted to extend over the hatch. The beam carries hoisting mechanism including trolley and cable arrangement for raising and lowering the grab bucket. The supporting tower carries a power unit for actuating the hoisting mechanism, including the power winch. A hopper is provided on the tower into which the bucket drops its load, the hopper being supported from the tower by chains and having a chute for delivering matter from the hopper to the barge or lighter. The beam is provided at one end with a supporting post pivoted to the beam."

There are four elements of structure in claim 20, to wit:

First. "Supporting means comprising a tower freely and selectively positionable on the deck of a ship with relation to the hatch."

The patent to Zimmerman shows a structure designated therein as a "crane" and described, in part, as "comprising two pairs of obliquely disposed adjustable supporting legs, one pair adjacent either side of the boat. * * * *"

These supporting legs, so obliquely disposed, are pivotally united at their upper ends and form the support for the mechanism utilized in the unloading operation.

In appellant's specifications it is said: "In the embodiment shown I use a tower 10 which can be any frame capable of carrying the hoisting apparatus and of a sufficient height to facilitate the work."

Elsewhere in the specifications we find: "* * * In using the term "portable crane" I mean to include the ordinary or any preferred structure carrying hoisting mechanism. * * *"

We assume, although it was not specifically so stated in the decisions of the Patent Office tribunals, that the tower of appellant was regarded as the mechanical equivalent of the crane or frame of Zimmerman, particularly in view of the above-quoted excerpts from appellant's specifications. They do

seem to be equivalent, although it is not necessary so to hold, in view of the fact that the tower structure itself is disclosed in prior art relating to the loading and unloading of vessels. The patent to Messier shows this, as does the illustration from the "Engineering News."

Second. "A beam carried by the tower and adapted to extend over the hatch."

This, or an obvious equivalent thereof, is shown in Zimmerman's elements, numbered 10 in his drawings, and, apparently, is also present in Titcomb and Hammond.

Third. "Hoisting mechanism carried by the beam."

Zimmerman shows this in his features numbered 30 to 34. It is an element old in the art, though, of course, different mechanisms might have varying details. Appellant's claim is not limited to any detail of structure, but calls broadly for "hoisting mechanism."

Fourth. "A power unit carried by said supporting means for actuating the hoisting means."

Zimmerman disclosed this also in the features numbered 20 and 21.

In addition to the four elements of structure, claim 20 adds that the entire assembly is "liftable as a unit to and from the deck of the ship" and is "readily movable from hatch to hatch thereof."

The patent to McIntyre discloses: "An eye * * * at the top of the frame to receive a suspension·rope from a derrick by which the frame is swung into position on the side of the ship."

The Engineering News has a photographic illustration of a 25-ton crane being lifted by another crane of 250 tons capacity.

The hopper, chute, and bucket elements referred to in claims 24 and 28 are shown respectively by McIntyre, Hammond, Titcomb, and Von Haase.

The adjustment of the power unit in such a way as that "its weight contributes to the general stability of the structure on shipboard," referred to in appellant's brief as being contained in claims 25 and 30, is not regarded as patentable.

Emphasis has been placed upon the fact that the Zimmerman structure must have a track upon which its supporting wheels operate, and its movements are limited to the track, while appellant uses casters by means of which his device can be moved in any direction requiring no rails upon which to run.

We find no claim which is limited to such a structure. It is true that in claim 27 it is said: " * * * Being operable * * * and requiring no rails or other modifications on the deck of the ship for its use."

But nothing is said there or elsewhere in the claims about casters or other means whereby the device is rendered movable without rails, or, as is stated in some of the claims, rendered "freely and selectively positionable with reference to the hatch."

So, even if the substitution of casters for the track wheels and movement without rails could be held patentable, appellant presents no claim for means of accomplishing these ends.

It seems obvious that appellant's product claims are so broad as that they are anticipated in the prior art cited.

The method claim does not relate in any way to the moving of the tower or crane upon the deck, but to the unloading operation. We are unable to see wherein it discloses any new way of handling the material which is taken from the vessel. At most, the claim does no more than describe the method by specifying the apparatus used in the operation. This is not sufficient. In re Weston, 17 App. D. C. 431, 442, declared: " * * * a process, which amounts to no more than the mere function of a machine, is not patentable. * * * "

So far as the use of several of the devices for "simultaneously unloading the ship from a plurality of hatches" is concerned, surely there is no invention in that. Even if it were an inventive idea, Titcomb discloses it.

Appellant's brief says: "The concept that a new and useful purpose would be served by creating the new device is peculiar to Weeks and even though the structure per se involves no invention whatsoever, he is an inventor and entitled to a patent."

This contention, as stated, we think, is entirely too broad. One may not patent an idea of an article unless that idea is expressed in some physical entity, and that entity must be something new and useful and must involve invention.

We have examined the cases cited by appellant as authorities upon this contention, viz.: Hobbs v. Beach, 180 U. S. 383, 21 S. Ct. 409, 45 L. Ed. 586; National Cash Register Co. v. Boston Cash Indicator & Recorder Co., 156 U. S. 502, 15 S. Ct. 434, 39 L. Ed. 511; Cutler-Hammer Mfg. Co. v. Union Electric Mfg. Co. et al. (C. C.) 147 F. 266; Comptograph Co. v. Mechanical Accountant Co. (C. C. A.) 145 F. 331. We have also ex-

amined the authorities which were referred to in that part of the opinion in the last-named case quoted in appellant's brief.

They do not sustain so broad a principle as appellant seems here to contend for.

With a single exception (that of Krementz v. Cottle Co. [C..C.] 39 F. 323), the claims involved in the several cases thus brought to our attention were combination claims, and in each instance they were so worded as that it was held that prior art did not read upon them in the combination disclosed. In the instant case, as we have shown, the wording of the claims is such as that the disclosures of the prior art do read upon them even when treated as constituting a combination. As stated, appellant seems to have produced an improvement over prior art, but his claims are not so formulated in the application now at issue as that we can feel justified in holding that there was error in the decisions of the Patent Office tribunals.

The decision of the Board of Appeals is affirmed.

Affirmed.